By the Court :
Neare and others brought suit in the superior court to enjoin the cable company from the extension of its road over Lane street and Lincoln avenue, in Cincinnati, pursuant to a resolution of the city assuming to authorize such extension. The plaintiffs alleged that they were ownersof property abutting on said streets, and that prior to the passage of such resolution there was not the written consent of the owners of more than one-half the feet front of the lots and lands abutting on either of said streets. The company denied the allegations of the petition as to the consents, and alleged that the written consents of the owners of more than one-half the frontage on said streets had been obtained. The cause having been reserved to the general term of the superior court, upon request the court stated separately its findings of fact and conclusions of law. From the findings of fqct it appears that the company had been operating a *154 road for three years prior to the passage of the resolution in question, which purported to authorize its extension over other streets, including those named; that at the time of the passage of the resolution the written consent of the owners of more than one-half of the feet front of the propertyabutting on Lane street had not been obtained, and that it was not deemed important to consider or determine other questions of fact raised in the record. On the sole ground that sufficient consent of owners of property abutting on Lane street had not been obtained, a perpetual injunction was granted as prayed for.
The view of the statute taken by the superior court is, we think, correct. While it is true that sections 3437 to 3443, inclusive, relate specially-to the subject of the extension of street railways, section 3439 requires the consents of the owners of “more than one-half of the feet front of the lots and lands abutting on the street or public way along which it is proposed to construct such railway or extension thereof.” The use of the singular number in designating the street or public way to be occupied by an extension indicates that if more than one street is to be occupied, the provision as to consents applies to each of them. The provision quoted also shows that in the mind of the legislature the construction of a street railway over streets not occu-pied by any street railway and extension of such railway are, as to the requirements of consent, within the same rule; and the provisions of section 2502 clearly require the consentsof a majorityupon each street.
No reason is sug-gested, nor does any occur to us, for different requirements in this regard in the construction and extension of such railway.

Judgment aflb'med.